Eastern District of Kentucky
FILED

APR 17 2026

AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### COVINGTON

UNITED STATES OF AMERICA

V.                                          **INFORMATION NO. 26-cr-11-DLB**
                                            **42 U.S.C. § 6928(d)(2)(A)**

GOTEC PLUS SUN LLC

\*        \*        \*        \*        \*

**THE UNITED STATES CHARGES:**

I.     <u>At All Times Material Herein:</u>

1.     Defendant **GOTEC PLUS SUN LLC** was a Delaware company registered to do business in Kentucky that was engaged in the business of producing parts used in the production of automobiles. Defendant operated a facility located at 107 Industrial Road, Williamstown, Kentucky, in Grant County in the Eastern District of Kentucky.

2.     The Resource Conservation and Recovery Act, Title 42, United States Code, Sections ("42 U.S.C. §") 6109 *et seq.* (hereinafter "RCRA") and the regulations promulgated thereunder, prohibit the storage of any identified or listed hazardous wastes without a permit issued by the United States Environmental Protection Agency ("EPA") or a state to which the authority has been delegated under RCRA. In 1985, EPA delegated the administration of the RCRA Hazardous Waste Management Program for the

1

Commonwealth of Kentucky to the Kentucky Department for Environmental Protection ("KDEP"), Division of Waste ("DOW") of the Kentucky Energy and Environment Cabinet. 50 Fed. Reg. 2550 (January 17, 1985).

3.     The term "hazardous waste" means "a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed." 42 U.S.C. § 6903(5)(B).

4.     The term "solid waste" is any discarded material that has not been excluded under Title 40, Code of Federal Regulations, ("40 C.F.R.") § 261.2(a)(1). The term "solid waste" expressly includes liquids, semi solids, and contained gaseous materials. 42 U.S.C. § 6903(27). A material may be considered a "discarded material" if it is stored in lieu of disposal.  40 CFR 261.2(a)(2)(i)(A) and (b)(3).

5.     Hazardous waste may be transported to, or treated, stored, or disposed of at facilities which have received permits from EPA or an authorized state agency to handle such wastes.  42 U.S.C. § 6925-26. KDEP-DOW is authorized to issue permits for the treatment, storage, and disposal of hazardous waste within the Commonwealth of Kentucky.

6.     The term "storage" when used in connection with hazardous waste means "the containment of hazardous waste, either on a temporary basis or for a period of years, in such a manner as to not constitute disposal of such hazardous waste. 42 U.S.C. § 6903(33).

II.    The Offense:

7.    From on or about January 2022 through on or about November 2024, in

Grant County in the Eastern District of Kentucky and elsewhere, the defendant,

**GOTEC PLUS SUN LLC,**

did knowingly store and cause to be stored listed hazardous waste, namely listed hazardous

wastes (hazardous waste codes F003 and F005) at its facility, which did not have a permit

issued by EPA or KDEP DOW to store hazardous waste, all in violation of 42 U.S.C. §

6928(d)(2)(A).


**JASON D. PARMAN**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

**EMILY K. GREENFIELD**
**ASSISTANT UNITED STATES ATTORNEY**


**ADAM R. F. GUSTAFSON**
**PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL**
**ENVIRONMENT AND NATURAL RESOURCES DIVISION**
**U.S. DEPARTMENT OF JUSTICE**


**MATTHEW T. MORRIS**
**SENIOR TRIAL ATTORNEY**
**ENVIRONMENT AND NATURAL RESOURCES DIVISION**

## **PENALTIES**

$500,000 fine or twice the gross gain, and not less than 1 to 5 years of probation.

**PLUS:**     Mandatory special assessment of $400.

**PLUS:**     Restitution, if applicable.