Eastern District of Kentucky
FILED

APR 17 2026

AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## COVINGTON

**CRIMINAL ACTION NO. 26-cr-11-DLB**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**GOTEC PLUS SUN LLC**                                    **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant GOTEC PLUS SUN, LLC, ("GOTEC") will enter a guilty plea to the sole count of the Information, charging a violation of 42 U.S.C. § 6928(d)(2)(A), illegal storage of hazardous waste.

2. The essential elements of 42 U.S.C. § 6928(d)(2)(A) are:

    (a) Defendant knowingly stored a waste material;

    (b) The waste material was a listed or identified hazardous waste;

    (c) The storage was done without a permit; and

    (d) The defendant knew that the material had the potential to be harmful to others or the environment.

3. As to the sole count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    a. GOTEC, a Delaware company, was registered to do business with the Kentucky Secretary of State. GOTEC operated a facility which was engaged in

the business of producing parts for use in the manufacturing of automobiles located at 107 Industrial Road, Williamstown, Kentucky ("the facility"). As part of the production processes at the facility, it applied coatings and adhesives to metal automobile parts and generated hazardous wastes through the production processes, including spent solvents listed under the Resource Conservation and Recovery Act (RCRA) hazardous waste codes F003 and F005, among others.

b. Kentucky Department of Environmental Protection, Division of Solid Waste (KDEP-DOW) conducted an inspection of the facility on June 27, 2024. During the 2024 inspection of the facility, KDEP found semi-trailers, shipping containers, and an abandoned warehouse that contained in total two hundred and forty-nine (249) 55-gallon drums of waste and approximately



twenty-seven (27) cubic yards of waste stored in cardboard, wooden crates, and yellow totes containing substantial quantities hazardous wastes, including spent solvent hazardous wastes of hazardous waste codes F003, F005, and D001.





c. During the relevant time and at least between January 2022 through in or about November 2024, GOTEC did not properly dispose of all the hazardous waste that it was generating. Due to issues during the COVID shutdown, including loss of employees and decreased revenue, GOTEC did not dispose of its hazardous waste, including hazardous waste that had accumulated at the facility since 2022. Rather, it improperly accumulated and stored hazardous waste at the facility. After September 2023, GOTEC only disposed of limited amounts of hazardous waste that were being contemporaneously generated. GOTEC improperly stored hazardous waste that had accumulated in shipping containers, tractor trailers, and the abandoned warehouse building that was located by KDEP inspectors on June 27, 2024, rather than properly disposing of the hazardous waste.

d. Federal agents executed a federal search warrant at GOTEC on or about November 5, 2024.  Pursuant to the search warrant, GOTEC business records and waste samples were seized. The seized records and waste samples confirmed that GOTEC was storing hazardous wastes, including hazardous wastes with hazardous waste codes F003 and F005, without an RCRA hazardous waste storage permit.

4. The statutory punishment for the offense is a fine of not more than $500,000.00 or twice the gross gain or twice the gross loss pursuant to 18 U.S.C. § 3571(c), and a term of probation of not ~~more~~ less than 1 years. nor more than 5years. Cep—Gns Awo nitm A mandatory special assessment of $400 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. The United States and the Defendant agree that the United States Sentencing Guidelines ("U.S.S.G.") apply in the following manner:

(a) Chapter 8 ("Sentencing of Organizations") applies in this case.

(b) U.S.S.G. § 8B1.1(a), relating to restitution, does not apply.

(c) The charge to which Defendant is pleading, 42 U.S.C. § 6928(d)(2)(A), is not an offense listed in U.S.S.G. §8C2.1(a) or (b) ("Applicability of Fine Guidelines"). Under U.S.S.G. § 8C2.1, if the offense is not listed in those subsections, the provision of §§ 8C2.2 to 8C2.9 do not apply. Therefore, § 8C2.10 applies to this case.

(d) Under U.S.S.G. § 8C2.10, for counts of conviction not covered under § 8C2.1, the Court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572.

(e) Under U.S.S.G. § 8D1.2(a), the term of probation "shall be at least one year but not more than five years."

(f) Under U.S.S.G. § 8D1.3, the Court may impose conditions for the term of probation including, but not limited to, conditions that are reasonably related to the nature and circumstances of the offense.

6. Pursuant to Rule 11(c)(1)(B), the parties recommend the following sentence be imposed by the Court. This recommendation does not bind the Court:

(a) Defendant shall serve a term of probation of 1 year;

(b) Defendant shall pay a fine of $275,000; $50,000 of which will be due within 30 days of the imposition of sentencing and the remaining $225,000 due within 180 days of the imposition of sentencing; and

(c) Defendant shall pay the special assessment at the time of sentencing to the Clerk of the U.S. District Court for the Eastern District of Kentucky.

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a nominee or third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such

releases being valid for a period extending 90 days from the date of sentencing.

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

7

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 4/16/26   By: _____
Emily K. Greenfield
Assistant United States Attorney

ADAM R. F. GUSTAFSON
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

By: _____
Matthew T. Morris
Senior Trial Attorney
Environmental Crimes Section

GOTEC PLUS SUN LLC

Date: 4/17/26   By: _____
Stephan Winter
Authorized Corporate Representative
Defendant

Date: 4/17/26   _____
Aaron M. Danzig
Attorney for Defendant